## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALONDA GOBERT** | § | **Civil Action No. 6:15cv0222** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **JUDGE:  DOHERTY** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **Defendants** | § | **MAGISTRATE: HILL** |

---

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

---

Defendant Allstate Insurance Company ("Defendant") files this Original Answer, Affirmative Defenses, and Jury Demand, and would respectfully show unto the Court the following:

### I.
### <u>Original Answer</u>

1.      Defendant admits the allegations contained in Paragraph 1 of the Petition.

2.      Defendant denies the allegations contained in Paragraph 2 of the Petition.

3.      Defendant denies the allegations contained in Paragraph 3 of the Petition.

4.      Defendant admits that it is licensed to do business in Louisiana and that it issues policies in St. Landry Parish, Louisiana.  Defendant denies the remaining allegations contained in Paragraph 4 of the Petition.

5.      Defendant denies the allegations contained in Paragraph 5 of the Petition.

6.      Defendant denies the allegations contained in Paragraph 6 of the Petition.

7.      Defendant admits that Plaintiff submitted a claim for damage to her automobile occurring on or about February 28, 2009 but denies the remaining allegations contained in Paragraph 7 of the Petition for lack of sufficient information to justify a belief therein.

8.      Defendant admits that Plaintiff submitted a claim for damage to her automobile but denies the remaining allegations contained in Paragraph 8 of the Petition.

9.      Defendant denies the allegations contained in Paragraph 9 of the Petition for lack of sufficient information to justify a belief therein.

10.      Defendant denies the allegations contained in Paragraph 10 of the Petition.

11.      Defendant denies the allegations contained in Paragraph 11 of the Petition except to admit that Allstate Insurance Company tendered payments to Petitioner.

12.      Defendant admits that Plaintiff submitted a claim for damage to her automobile occurring on or about July 20, 2009 but denies the remaining allegations contained in Paragraph 12 of the Petition for lack of sufficient information to justify a belief therein.

13.      Defendant admits the allegations contained in Paragraph 13 of the Petition.

14.      Defendant denies the allegations contained in Paragraph 14 of the Petition for lack of sufficient information to justify a belief therein.

15.      Defendant denies the allegations contained in Paragraph 15 of the Petition.

16.      Defendant denies the allegations contained in Paragraph 16 of the Petition except to admit that Allstate Insurance Company tendered payments to Petitioner.

17.     Defendant admits that Plaintiff submitted a claim for damage to her automobile occurring on or about March 9, 2012 but denies the remaining allegations contained in Paragraph 17 of the Petition for lack of sufficient information to justify a belief therein.

18.     Defendant admits that Plaintiff submitted a claim for damage to her automobile but denies the remaining allegations contained in Paragraph 18 of the Petition.

19.     Defendant denies the allegations contained in Paragraph 19 of the Petition for lack of sufficient information to justify a belief therein.

20.     Defendant denies the allegations contained in Paragraph 20 of the Petition.

21.     Defendant denies the allegations contained in Paragraph 21 of the Petition.

22.     Defendant denies the allegations contained in Paragraph 22 of the Petition.

23.     Defendant denies the allegations contained in Paragraph 23 of the Petition.

24.     Defendant denies the allegations contained in Paragraph 24 of the Petition.

25.     To the extent that the allegations contained in Paragraph 25 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

26.     To the extent that the allegations of fact contained in Paragraph 26 of the Petition may be construed to pertain to Defendant, those allegations are denied.

27.     Defendant denies the allegations contained in Paragraph 27 of the Petition.

28.     To the extent that the allegations contained in Paragraph 28 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

29.     Defendant denies as stated the allegations contained in Paragraph 29 of the Petition.

30.     Defendant denies as stated the allegations contained in Paragraph 30 of the Petition.

31.     Defendant denies the allegations contained in Paragraph 31 of the Petition.

32.     To the extent that the allegations contained in Paragraph 32 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

33.     To the extent that the allegations contained in Paragraph 33 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

34.     Defendant denies the allegations contained in Paragraph 34 of the Petition.

35.     To the extent that the allegations contained in Paragraph 35 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

36.     To the extent that the allegations contained in Paragraph 36 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

37.     To the extent that the allegations contained in Paragraph 37 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

38.     To the extent that the allegations contained in Paragraph 38 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

39.     To the extent that the allegations contained in Paragraph 39 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

40.     Defendant denies the allegations contained in Paragraph 40 of the Petition.

41.     Defendant denies the allegations contained in Paragraph 41 of the Petition.

42.     Defendant denies the allegations contained in Paragraph 42 of the Petition.

43.     To the extent that the allegations contained in Paragraph 43 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

44.     Defendant denies the allegations contained in Paragraph 44 including subparts a) through c) of the Petition.

45.     To the extent that the allegations contained in Paragraph 45 of the Petition pertain to law and not fact, they require no response.  Insofar as a response may be required, those allegations are denied.

46.     To the extent that the allegations contained in Paragraph 46 of the Petition pertain to parties other than Defendant, no response is required.  Insofar as a response may be required, those allegations are denied.

47.     Defendant denies the allegations contained in Paragraph 47 of the Petition.

48.     Defendant denies the allegations contained in Paragraph 48 of the Petition.

49.     Defendant denies the allegations contained in Paragraph 49 of the Petition.

50.     Defendant denies the allegations contained in Paragraph 50 of the Petition.

51.     Defendant denies the allegations contained in Paragraph 51 of the Petition.

52.     Defendant denies the allegations contained in Paragraph 52 of the Petition.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     No response is required to the prayer made in the first unnumbered paragraph.

56.     Defendant reserves the right to supplement and amend this Answer.

## II.
## Affirmative Defenses

**AND NOW,** in further answering the allegations of Plaintiff's Petition, and without waiving any of its previously asserted defenses and objections, or Answer, Defendant avers as follows:

57.     Defendant asserts the affirmative defense of accord and satisfaction.

58.     Defendant asserts the affirmative defense of estoppel.

59.     Defendant asserts the affirmative defenses of payment, release and *res judicata*.

60.     Defendant asserts the affirmative defense of statute of limitations.

61.     Defendant asserts the affirmative defense of laches.

### III.
### Jury Demand

62.     Defendant requests a trial by jury.

WHEREFORE, Defendant prays for the following judgment against Plaintiff as follows:

(i) that their Answer be deemed good and sufficient and that Plaintiff's respective claims be dismissed with prejudice with Plaintiff to pay all costs;

(ii) for judgment in favor of Allstate Insurance Company;

(iii) for the cost of this suit; and

(iv) for full, general and equitable relief, and for such other relief as the court may deem just and proper.

Respectfully submitted,

/s/ Sophia L. Lauricella
Sophia L. Lauricella
La. Bar Roll No. 32888
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8381
Facsimile: (713) 403-8299

Philip S. Aucoin, Jr.
La. Bar Roll No. 17447
Law Offices of Harold G. Toscano
400 E. Kaliste Saloom Road, Suite 8300
Lafayette, LA  70508
Telephone: (337) 291-0101
Facsimile: (337) 291-9024

ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that on February 11th, 2015, a true and correct copy of the foregoing document was sent to all Counsel of Record via electronic service and/or certified mail, return receipt requested to:

John Randall Whaley
WHALEY LAW FIRM
3112 Valley Creek Drive, Suite D
Baton Rouge, LA

Kenneth W.  DeJean
LAW OFFICES OF KENNETH W. DEJEAN
Post Office Box 4325
Lafayette, LA 70502-4325

Kenneth D. St. Pe'
KENNETH D. ST. PE', APLC
311 W. University Ave. Suite
Lafayette, LA 70506

George F. Riess
228 St. Charles Ave., Suite 1224
New Orleans, LA 70130

Stephen B. Murray, Sr.
Stephen B. Murray, Jr.
Arthur M. Murray
THE MURRAY FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130

/s/ Sophia L. Lauricella
Sophia L. Lauricella