UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ALONDA GOBERT *et.al*, Individually
and on behalf of others similarly situated,
    Plaintiff.

CIVIL ACTION NO. 6:15-cv-00222

JUDGE TERRY A. DOUGHTY

vs.

ALLSTATE INSURANCE COMPANY
    Defendant.

MAGISTRATE JUDGE
CAROL B. WHITEHURST

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS WHICH SHOW GENUINE ISSUES TO BE TRIED

Pursuant to Local Rule 56.2, Plaintiff submits the following in response to Allstate Insurance Company's (Allstate) statement of material facts which show the genuine issues to be tried.

### I. Responses to Allstate's Statement of Material Facts

1. Plaintiff does not dispute that her first party total loss automobile claims made against Allstate are the subject of this suit.

2. Plaintiff disputes that she received an appropriate payment as a result of the February 28, 2009 claim. However, this disputed fact is immaterial as Plaintiff agrees that the requirements set forth in La. R.S. 22:1892 (B)(5) were not in effect at that time. Further, Plaintiff recognizes that the February 29, 2009 claim falls outside of the proposed class definition.

3. Plaintiff disputes that she received an appropriate payment as a result of the July 20, 2009 claim. However, this disputed fact is immaterial as Plaintiff agrees that the requirements set forth in La. R.S. 22:1892 (B)(5) were not in effect at that time. Further,

1



Plaintiff recognizes that the July 20, 2009 claim falls outside of the proposed class definition.

4. Plaintiff disputes that the 2009 claims were compromised. However, this disputed fact is immaterial as Plaintiff agrees that the requirements set forth in La. R.S. 22:1892 (B)(5) were not in effect at that time. Further, Plaintiff recognizes that the 2009 claims fall outside of the proposed class definition.

5. Undisputed.

6. Plaintiff disputes that she compromised her 2012 claim and disputes that she is otherwise barred from bringing this action. As set forth in Plaintiff's memorandum in opposition, the document relied upon by Allstate does not meet the strict requirements required before Louisiana law would recognize a settlement. Even assuming that Allstate could show a compromise, Plaintiff's claims are that the practice used by Allstate to reach the purported agreement was bad faith. And a purported settlement of an underlying damage claim does not apply to Plaintiff's bad faith claims. See *Spalitta v. Hartford Fire Insurance Company*, 428 So.2d 824 (5th Cir. 1983); *Martin v. Elmwood Medical Center*, 97-826 (La. App. 5th Cir. 1/27/98), 707 So.2d 1287.

7. Plaintiff does not dispute that she signed the Proof of Loss Form. Plaintiff disputes that she compromised her 2012 claim and disputes that she is otherwise barred from bringing this action. *See* response number 6.

8. Plaintiff previously averred, in both her complaint and preliminary motion for class certification, that NADA valued the 2008 Nissan Altima at $14,525.00. This was based on an incorrect date used in the initial NADA report generated. A corrected NADA report

values the car at $15,600.

9. Undisputed.

10. Undisputed.

11. Plaintiff disputes that Audatex Autosource complies with La. R.S. 22:1892(B)(5). For the reasons identified in Plaintiff's memorandum in opposition, Autosource does not comply with La. R.S. 22: 1892(B)(5)(a) or La. R.S. 22: 1892(B)(5)(b).

12. Plaintiff disputes that this fact is material. Under Louisiana law, insurance policy provisions which violate or conflict with statutes are unenforceable. Further, those policies reformed and considered to contain all the provisions required by statute.[1]

13. Plaintiff disputes that this fact is material. Under Louisiana law, insurance policy provisions which violate or conflict with statutes are unenforceable. Further, those policies are reformed and considered to contain all the provisions required by statute.[2]

RESPECTFULLY SUBMITTED,

**WHALEY LAW FIRM**

/s/J.R. Whaley
J.R. Whaley (La. Bar Roll No. 25930)
Benjamin H. Dampf (La. Bar Roll No. 32416)
6700 Jefferson Highway, Building 12, Suite A
Baton Rouge, Louisiana 70806
Telephone: (225) 302-8810
jrwhaley@whaleylaw.com
ben@whaleylaw.com

---

[1] *Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So. 2d 603, 606; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911, p. 6 (La.1/14/94), 630 So.2d 759, 763; *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-2164, 2013 WL 12182957 (W.D. La. 2013)

[2] *Id.*

**KENNETH D. ST. PÈ, APLC**

/s/Kenneth D. St. Pé
Kenneth D. St. Pé (La. Bar Roll No. 22638)
311 W. University Avenue, Suite A
Lafayette, Louisiana 70506
Telephone: (337) 534-4043
Kds@stpelaw.com

**MURRAY LAW FIRM**

/s/ Stephen B. Murray, Jr.
Stephen B. Murray, Jr. (La. Bar Roll No. 23877)
Stephen B. Murray, Sr. (La. Bar Roll No. 9858)
Arthur M. Murray
650 Poydras St., Suite 2150
New Orleans, La 70130
Telephone (504) 525-8100
Smurrayjr@murray-lawfirm.com

**LAW OFFICES OF KENNETH W. DEJEAN**

/s/ Kenneth W. DeJean
Kenneth W. DeJean (La. Bar Roll No. 4817)
P.O. Box 4325
Lafayette, LA 70502
Telephone (337) 235-5294
kwdejean@kwdejean.com

## CERTIFICATE OF SERVICE

      I certify that on July 2, 2019, a copy of the above Motion was filed electronically with the Clerk of Court for the Western District of Louisiana using the Court's CM/ECF system. A copy of this Motion was contemporaneously served on counsel for all parties by electronic means and notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

      /s/ J.R. Whaley