UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALONDA GOBERT**, *et. al*, Individually and on behalf of others similarly situated, Plaintiff. | § § § § § § § § § § | **CIVIL ACTION NO. 6:15-222** **DISTRICT JUDGE MICHAEL J. JUNEAU** |
| vs. | | |
| **ALL STATE INSURANCE COMPANY,** Defendant. | | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Alonda Gobert, individually and on behalf of others similarly situated, respectfully submits this Notice of Supplementary Authority to inform the Court of the decision by the Louisiana Third Circuit Court of Appeals in *Gautreaux v. Farm Bureau*, 19-0017, (Oct. 2, 2019), attached hereto. The Third Circuit's decision, which arises from a class action lawsuit asserting virtually identical claims to this lawsuit, affirmed the trial court's certification of the Plaintiff class. This decision provides additional persuasive authority in support of the Plaintiff's Amended Motion for Class Certification, Dkt. No. 70.

In *Gautreaux*, the Louisiana Third Circuit upheld the trial court's certification of a class action on behalf of:

> All persons insured by Louisiana Farm Bureau Insurance Company who have made a claim for first party total loss, which claim Farm Bureau Insurance Company evaluated using Mitchell Work Center Total Loss, from July 1, 2013 to the present date [date of class action notice].

The Mitchell Work Center Total Loss ("WCTL") system at issue in *Gautreaux* is a similar product to the Audatex Autosource systems at issue in this lawsuit, and the Plaintiffs' factual allegations regarding its use by an insurer is identical.

In examining the commonality requirement of class certification, the Third Circuit found that the answer to the central question of whether Farm Bureau's use of Mitchell WCTL violated La. R.S. 22:1892 and 22:1973 "will apply to all claimants, and as such, this issue is appropriate for class certification."

When the Third Circuit examined the predominance requirement of class certification under Louisiana law (La. C.C.P. Art. 591(B)), it found that "if Plaintiffs prevail on the common question of whether La. R.S. 22:1892 and/or 22:1982 was violated … then individual issues of entitlement to and the amount of damages can be resolved by reference to objective claims data available for every class member." On the question of assessing statutory penalties on a class-wide basis, the court noted that "Neither La.R.S. 22:1892(B)(5) nor 22:1973 include actual damages as an element of violation. We agree that the question could be presented to the trial court once and could then be answered and applied across the board to the class."

Per the above citations, the decision of the Louisiana Third Circuit in *Gautreaux v. Farm Bureau* provides additional persuasive authority in support of the Plaintiff's Amended Motion for Class Certification.

Dated: November 14, 2019              RESPECTFULLY SUBMITTED,

                                                      THE MURRAY LAW FIRM

                                                      */s/ Stephen B. Murray, Jr.*
Stephen B. Murray, Jr. (Bar Roll No. 23877)
Stephen B. Murray, Sr. (Bar Roll No. 9858)
Arthur M. Murray (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA  70130
(504) 525-8100

KENNETH D. ST. PÉ, APLC
Kenneth D. St. Pé (Bar Roll No. 22638)
311 W. University Ave., Suite A

>Lafayette, LA  70506
>(337) 534-4043
>
>
>LAW OFFICES OF KENNETH W. DEJEAN
>Kenneth W. DeJean (Bar Roll No. 4817)
>Post Office Box 4325
>Lafayette, LA 70502-4325
>(337) 235-5294
>
>WHALEY LAW FIRM
>John Randall Whaley (Bar Roll No. 25930)
>6700 Jefferson Highway
>Building 12, Suite A
>Baton Rouge, LA  70806
>Phone:  225-302-8810

## **CERTIFICATE OF SERVICE**

I certify that on November 14, 2019, a copy of the above Notice was filed electronically with the Clerk of Court for the Western District of Louisiana using the Court's CM/ECF system. A copy of this Motion was contemporaneously served on counsel for all parties by electronic means and notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

>*/s/ Stephen B. Murray, Jr.*